Chen v. Lynch

BIA
Videla, IJ
A088 349 868

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand sixteen.

PRESENT:
>
> REENA RAGGI,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

YUHUA CHEN,
>
> *Petitioner,*

v.                                          13-4476
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>
> *Respondent.*

_____

FOR PETITIONER:        Corey T. Lee, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Russell J.E. Verby, Senior
                       Litigation Counsel; Elizabeth R.
                       Chapman, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuhua Chen, a native and citizen of China, seeks review of an October 23, 2013, order of the BIA, affirming the February 16, 2012, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and Convention Against Torture ("CAT") relief.  *In re Yuhua Chen*, No. A088 349 868 (B.I.A. Oct. 23, 2013), *aff'g* No. A088 349 868 (Immig. Ct. New York City Feb. 16, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including those portions not explicitly discussed by the BIA.  *Yun-Zui Guan v. Gonzales*, 432 F.3d 391*,* 394 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications governed by the REAL ID Act, like Chen's, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and

2

inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Initially, the agency reasonably relied in part on Chen's demeanor, finding that much of his testimony was unresponsive and that he seemed to be testifying from a script.  Because the IJ's demeanor finding is supported by the record and he was in the best position to observe Chen's manner while he was testifying, we afford the demeanor finding particular deference. *Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007).

The IJ's demeanor finding is further supported by inconsistencies in Chen's testimony. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir. 2006).  Chen testified inconsistently regarding whether he left China with a legally obtained passport or whether a snakehead provided him with a passport.  Chen also testified inconsistently regarding when he decided to leave China.

When asked to explain this inconsistency, Chen stated that he was confused, nervous and dizzy. The IJ reasonably found this explanation unpersuasive. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Chen also testified that he attended college from 2004 until 2007, but upon further questioning stated that he stopped attending college after his girlfriend's abortion in 2006.

Chen's argument that these inconsistencies are minor and "tangential" is without merit. An IJ may reasonably rely on minor inconsistencies if their cumulative effect supports the adverse credibility determination, as they do here. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Having questioned Chen's credibility, the agency reasonably determined that Chen failed to provide sufficient corroborating evidence to rehabilitate his inconsistent testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably attributed little weight to much of the evidence Chen submitted, including the letters from his family members and an abortion certificate for Chen's girlfriend. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Moreover, the agency reasonably determined that even if given probative

4

weight, the abortion certificate would not rehabilitate the established inconsistencies in Chen's testimony or affect the IJ's demeanor finding.

Given the IJ's findings with respect to petitioner's demeanor, the inconsistencies in petitioner's testimony, and the absence of meaningful corroboration of petitioner's testimony, the agency's adverse credibility determination is supported by substantial evidence and provided an adequate basis for denying Chen asylum, withholding of removal, and CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5